IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-548 |
| LESLIE ACOSTA | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2021, upon consideration of the Motion of non-parties LNP Media Group, the Philadelphia Inquirer, and Spotlight PA to Intervene and Unseal, the government's response thereto, and for good cause shown, it is hereby ORDERED AND DECREED that the motion is GRANTED IN PART AND DENIED IN PART, as follows:

1. Docket Numbers 10, 13, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 36, 37, & 38 shall be unsealed.

2. Docket Numbers 34 & 35 shall remain under seal.  The government and the defendant shall redact from these documents grand jury information and information which might tend to identify any minor children not involved in the crimes in this case, and publicly file redacted versions of these document on or by _____ ___, 2021.  The Court finds that redactions are necessary to protect grand jury information and to protect the privacy interests of any minor child not involved in the crimes at issue. The Court finds that protecting grand jury information and the privacy interests of minors not involved in criminal conduct are essential to preserve compelling interests that override the public's right of access to the unredacted

documents. *E.g., Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984); *In re Newark Morning Ledger Co.,* 260 F.3d 217, 220-21 (3d Cir. 2001).

SO ORDERED, this            day of              , 2021,

                           BY THE COURT:

                           _____
                           HONORABLE JOEL H. SLOMSKY
                           *Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  15-548 |
| LESLIE ACOSTA | : | |

### GOVERNMENT'S RESPONSE TO MOTION OF "PENNSYLVANIA NEWSPAPERS" TO INTERVENE AND UNSEAL

Non-parties LNP Media Group, the Philadelphia Inquirer, and Spotlight PA, calling themselves "Pennsylvania Newspapers" (hereinafter, "Movants") have moved to intervene and unseal numerous docket entries that were filed under seal in this case. *See* DDE 41.  The documents and docket entries sought by Movants are: 10, 13, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, & 38.  The government agrees that given the unique posture of the case, the documents at docket entries 10, 13, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 36, 37, & 38 may be unsealed.  However, as discussed below, the documents at docket entries 34 & 35 should only be unsealed with specific redactions.

    **I.**    **The Right of the Press and Public to Access Court Proceedings and Documents is Broad, but Not Absolute**

The Third Circuit has traditionally allowed the press to intervene in criminal cases for the purpose of seeking access to court proceedings and documents.[1] *See, e.g.*, *United States v.*

---

[1]  The Federal Rules of Criminal Procedure do not allow for third-party intervention in criminal cases. Nonetheless, courts have generally allowed members of the press to intervene for the limited purpose of enforcing the right of access to court documents and proceedings, because any such right of access would be meaningless if there were no procedural vehicle for vindicating it.  *In re Associated Press*, 162 F.3d 503, 506-07 (7th Cir. 1998).

*Newark Morning Ledger Co.*, 260 F.3d 217 (3d Cir. 2001); *United States v. Raffoul*, 826 F.2d 218 (3d Cir. 1987); *United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985).  However, the Supreme Court and Third Circuit have also made clear that the right of the press and public to access court proceedings and documents, though broad, is not absolute.  For example, the First Amendment guarantees the press and public a right to access court proceedings and documents where "experience and logic" indicate that the First Amendment right of access attaches.  *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1 (1986) (courtroom proceedings); *United States v. Smith*, 776 F.2d at 1111-12 (judicial documents).  Nonetheless, such access may be denied when outweighed "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. at 510 (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982)).  Similarly, although the public has a common law right of access to certain judicial proceedings and records, this right of access may be denied by a court upon balancing the interests at stake.  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978); *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *United States v. Kemp*, 365 F. Supp. 2d 618, 630-31 (E.D. Pa. 2005) (Baylson, J.).

  Under the unique circumstances of this case, as set forth below, the government does not object to the unsealing of the vast majority of the documents sought by the Movants in this case.  However, to protect grand jury information and the privacy rights of a minor child not involved in the crimes in this case, two documents should be redacted before they are unsealed in order to preserve higher values.

II.    **Under the Unique Circumstances of This Case, Most of the Documents For Which Unsealing is Sought May Now Be Unsealed**

Docket entries 10, 13, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 37, & 38 are all documents that were appropriately filed under seal at the time of their filing. These documents relate to the defendant's agreement to cooperate with the government, and important public policy interests dictated their sealing. However, at present, given the specific and unique circumstances of this case, and because most of the sealed content is substantively already part of the public record, and in light of the defendant's notification to the government that she does not object to their unsealing, the government does not object to their unsealing.[2]

III.   **Docket Entries 34 & 35 Contain Information That Should Be Redacted**

Docket Entries 34 and 35 are the government's sentencing memorandum and the defendant's sentencing memorandum, respectively. These documents should be unsealed only after some small redactions. In particular, Docket Entries 34 & 35 contain references to information that is protected by Federal Rule of Criminal Procedure 6(e), and Docket Entry 35, the Defense Sentencing Memorandum, also contains some specific information about a minor in the defendant's care.

---

[2]   As the Court is aware, the defendant, who was a public official, testified in open court, was cross-examined extensively, and her testimony was widely covered by the news media.

The government assuredly does not take the same position in most other cases. The need to encourage cooperation by witnesses in criminal matters, and to assure the safety of cooperating witnesses, is of the highest importance to the government and the public. That interest persists even after the conclusion of a criminal case, both to protect those who have cooperated previously, and to provide assurance to future cooperators that their safety will be protected and that the government's guarantee of such protection is not fleeting. In nearly every case, therefore, it remains appropriate to seal documents that describe witness cooperation. The present case provides a very rare exception, given that all of the information that the intervenors seek has already been exhaustively stated in the public record and widely publicized by the news media, and that the witness herself does not object to further public disclosure.

The Third Circuit has expressly excepted Grand Jury matters from the normal right of the press and public to access court proceedings and filings. *In re Newark Morning Ledger Co.*, 260 F.3d at 220-21 ("Among the few limitations to the First Amendment right of access in criminal hearings, none is more important than protecting grand jury secrecy."). Furthermore, of course, the protection of information about a minor child who was uninvolved in the crimes and which was submitted in a document filed under seal with the expectation that it would remain so is a compelling interest preserving a higher value that overrides the ordinary presumption of a public right of access to judicial documents. *See United States v. Smith*, 776 F.2d at 1114 (upholding district court's decision to withhold from public access identities of suspected unindicted co-conspirators); *United States v. Criden*, 648 F.2d 814, 829 (3d Cir. 1986) (court has discretion to balance access against legitimate privacy concerns of third parties). Accordingly, these references should be redacted from these documents. Government counsel and the defendant's counsel have conferred on the substance of the proposed redactions, and the government therefore believes that redacted copies can be filed within five business days of a Court order directing the filing of such redacted documents.

WHEREFORE, the government respectfully requests that the Court grant in part and deny in part the Motion to Intervene and Unseal. A proposed Order is attached.

Respectfully submitted,

JENNIFER ARBITTER WILLIAMS
Acting United States Attorney

*/s/ Bea L. Witzleben*
BEA L. WITZLEBEN
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document was served by <u>email</u> to the following:

Paula Knudsen Burke
Reporters Committee for Freedom of the Press
PO Box 1328
Lancaster, PA 17608
  pknudsen@rcfp.org

Nina Spizer
Federal Community Defender Office
  Nina_C_Spizer@fd.org

             *Bea L. Witzleben*
             BEA L. WITZLEBEN
             Assistant United States Attorney

Dated:  April 5, 2021