## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NO. 15-548-1 |
| | : | |
| | : | |
| LESLIE ACOSTA | : | |

## O R D E R

**AND NOW**, this        day of                  , 2021, upon consideration of Defendant's

Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1), it is

hereby **ORDERED** that said Motion is **GRANTED**. The defendant's term of supervised release

is hereby **TERMINATED**.

BY THE COURT:

_____
**THE HONORABLE JOEL H. SLOMSKY**
**Senior United States District Court Judge**

UNITED STATES OF AMERICA     :
    :
    :
     **v.**     :      **CRIMINAL NO. 15-548-1**
    :
    :
LESLIE ACOSTA     :

## DEFENDANT'S MOTION FOR EARLY TERMINATION
## OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(e)(1)

Leslie Acosta, by and through his attorney, Nina C. Spizer, Chief, Trial Unit, Federal

Community Defender Office for the Eastern District of Pennsylvania, files the instant motion to

respectfully request termination his supervised release term, pursuant to 18 U.S.C. § 3583(e)(1).

As grounds, it is averred:

1.     On March 4, 2016, Ms. Acosta pled guilty to her involvement in a money

laundering conspiracy in violation of 18 U.S.C. § 1956(h).

2.     On June 28, 2018, this Honorable Court sentenced Ms. Acosta to seven months

imprisonment to be followed by three years of supervised release. The Court also issued a

restitution order of $623,000 and imposed a special assessment of $100.

3.     Ms. Acosta was released from prison on March 6, 2019, to begin serving her

three-year supervised release term.

4.     As Ms. Acosta has now served 26 months of her 36-month supervised release

term, she respectfully requests that this Honorable Court terminate her supervision pursuant to 18

U.S.C. § 3583(e).

5.       Ms. Acosta's supervision officer, United States Probation Officer Cassie Musselman, has not rendered an opinion regarding to Ms. Acosta's request. Nonetheless, Ms. Musselman notes that, while Ms. Acosta has a large outstanding restitution balance, she has regularly made her monthly payments, and she has been placed on the low intensity case load.

6.       This Honorable Court possesses the authority to terminate Ms. Acosta's supervised release term before its natural expiration date, pursuant to 18 U.S.C. § 3583(e)(1). *See Burkey v. Marberry*, 556 F.3d 142, 146 n. 3 (3d Cir.), *cert. denied*, 130 S.Ct. 458 (2009).

7.       Specifically, a court may terminate a term of supervised release where, in addition to the relevant factors under 18 U.S.C. § 3553(a), the court finds that the defendant has met three requirements: (1) the defendant has served one year of supervised release, (2) her conduct warrants early termination, and (3) early termination is in the "interest of justice."

a.       The Third Circuit has interpreted § 3583(e)(1) to require the court to simply consider the relevant factors under § 3553(a) and determine whether "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)(citing 18 U.S.C. § 3583(e)(1)).

b.       The Third Circuit has concluded that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. Specific findings of fact for each statutory factor are not required under § 3583(e)(1). The statute requires only that the court articulate that it has considered the relevant factors under § 3553(a), the defendant's conduct and the interest of justice in rendering its decision. *Id*. at 52-53.

8.       Thus, in the context of a request for early termination, 18 U.S.C. § 3583(e)(1) instructs the court to consider the following factors under § 3553(a):

(1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 973 F.3d at 52 (quoting *United States v. Davies*, 746 Fed.Appx. 86, 88-89 (3d Cir. 2018)(per curiam), *cert. denied*, 139 S.Ct. 1275 (2019); citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7)).

a.      Ms. Acosta's offense of conviction involved her participation in a conspiracy to launder money for other individuals through the Juniata Community Mental Health Clinic. The underlying conduct of this offense occurred between in or about June, 2008 to in or about April, 2012. This money laundering conspiracy involved several other individuals. However, there is no indication that Ms. Acosta was an organizer, leader, manager, or supervisor of the conspiracy. There is no indication that the instant offense of conviction involved violence or illegal drugs. Immediately prior to this offense, Ms. Acosta had no arrests or convictions. Indeed, the instant federal conviction is the extent of Ms. Acosta's criminal history. Ms. Acosta admits that the instant offense resulted from her exercise of incredibly poor decision-making skills. The probation office has classified Ms. Acosta as a low risk level offender. She is only required to report to her probation officer electronically once a month. *See* 18 U.S.C. § 3553(a)(1).

b.      Ms. Acosta is now a 49 year old, law-abiding citizen. Ms. Acosta resides in Philadelphia with her mother. She works full-time as the general manager for USA LA (Latin America) TV, a media center which provides several services, including podcasting and online

3

television. Ms. Acosta has established a stable residence and maintained steady, gainful employment. She has no intention of participating in any unlawful activity. Thus, Ms. Acosta is sufficiently deterred from committing future criminal acts and poses a very low risk to the public. *See* 18 U.S.C. § 3553(a)(2)(B)-(D).

      c.      To date, Ms. Acosta has served her entire sentence of incarceration as well as 26 months on supervised release in relation to the offense of conviction. Thus, she has served a sentence within the applicable guideline range as well as the majority of the applicable supervised release term. *See* 18 U.S.C. § 3553(a)(4), (6).

      d.      The United States Sentencing Commission has noted that early termination is warranted for laudable, but not necessarily unusual, conduct. *See* 18 U.S.C. § 3553(a)(5); U.S.S.G. § 5D1.2, cmt. n.5; *see also* U.S.S.G. Supp. App. C. Amend. 756 (adding this commentary).

      e.      A restitution order of $623,000 as well as a $100 special assessment were imposed at sentencing. Ms. Acosta reports that she has consistently made monthly payments towards her court-imposed financially obligations through automatic deductions of $150 from her bank account. Ms. Acosta is in the process of fulfilling her financial obligation to the court. *See* 18 U.S.C. § 3553(a)(7). Ms. Acosta understands that her financial obligation continues regardless of her supervision status.

      9.      Thus, an examination of the relevant factors under § 3553(a) indicates that Ms. Acosta's service of her supervision release term to date has met these factors.

      10.      To date, Ms. Acosta has served more than two years of her three-year supervised release term, thus satisfying the one-year requirement under § 3583(e)(1).

11.     In regards to the defendant's conduct under § 3583(e)(1), it is relevant that the defendant has "faithfully complied with the conditions of supervised release." *United States v. Seger*, 577 Fed.Appx. 1, 1 (1st Cir., Oct. 8, 2014)(per curiam).

a.      U.S. Probation Officer Cassie Musselman confirmed that Ms. Acosta has maintained full compliance of her supervision conditions during her supervision term.

b.      Upon information and belief, the government has obtained no information to contradict Ms. Musselman's averments regarding Ms. Acosta's compliance with the conditions of her release.  Thus, as Ms. Acosta has remained in substantial compliance with her supervision conditions, she satisfies the conduct requirement under § 3583(e)(1).

12.     The phrase "interest of justice," is "a peculiarly context-specific inquiry," not susceptible to a "general definition." *Martel v. Clair*, 565 U.S. 648, 663 (2012).

a.      The authors of Black's Law Dictionary attempted to provide a general definition of the phrase, namely "[t]he proper view of what is fair and right in a matter in which the decision-maker has been granted discretion." Black's Law Dictionary (11th ed. 2019).

b.      In reference to the termination of a supervised release term, it would be right and fair to terminate a term of supervised release where the purpose of supervised release has been fulfilled.

c.      The Third Circuit has recognized that "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012)(citing *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011)). The congressional intent behind supervised release was to assist offenders as they transition back in their communities. Thus, supervised release

fulfills rehabilitative not punitive ends. *Id.* (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)). *See also*, *United States v. Granderson*, 511 U.S. 39, 50 (1994).

        d.      The Third Circuit has noted that the only traditional sentencing factor that is *not* relevant to a court's decision under § 3583(e) is the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. "This omission reinforces the idea that the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280 (citing U.S. Sentencing Comm'n, Federal Offenders Sentenced to Supervised Release 8–9 (2010); quoting 18 U.S.C. § 3553(a)(2)(A)).

        e.      As discussed *supra*, Ms. Acosta's service to date of supervised release term has fulfilled the traditional sentencing factors enumerated in § 3553(a) that are relevant to supervised release. The purpose of supervised release – Ms. Acosta's successful reentry into the community – has been accomplished. *See* February 16, 2012 Memorandum to Judges of the United State District Court and United States Magistrate Judges from the Honorable Robert Holmes Bell, Chief of the Judicial Conference Committee on Criminal Law, p. 2, marked and attached hereto as Exhibit "A", p. 8. Thus, early termination of Ms. Acosta's supervised release term satisfies the interest of justice requirement under § 3583(e)(1).

**WHEREFORE**, for the foregoing reasons and in the interest of justice, Leslie Acosta respectfully moves this Court for an order granting his motion for early termination of supervised release.

Respectfully submitted,

*/s/ Nina C. Spizer*
NINA C. SPIZER
Chief, Trial Unit

**CERTIFICATE OF SERVICE**

I, Nina C. Spizer, Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e), upon Bea Witzleben, Assistant United States Attorney, via Electronic Case Filing to her office at the United States Attorney's Office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106, on the date indicated below.

/s/ Nina C. Spizer
NINA C. SPIZER
Chief, Trial Unit

Date:  May 6, 2021